**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4503**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BOB HILL, a/k/a Shawn, a/k/a Marcos Leon,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, District Judge. (CR-03-280)

Submitted: March 30, 2006                    Decided: April 5, 2006

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Cameron B. Littlejohn, Jr., Columbia, South Carolina, for Appellant. Arthur Bradley Parham, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Bob Hill pled guilty to a single count of possessing with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (2000). The district court sentenced Hill to the mandatory statutory minimum sentence for a violation of § 841(b)(1)(B) of 120 months' imprisonment, eight years of supervised release, and ordered payment of a $100 statutory assessment.[1] Hill's counsel has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court complied with Fed. R. Crim. P. 11, and whether the sentence imposed was reasonable. Hill was given an opportunity to file a <u>pro</u> <u>se</u> brief, but has failed to do so.

Hill did not move in the district court to withdraw his guilty plea, therefore his challenge to the adequacy of the Rule 11 hearing is reviewed for plain error. <u>See</u> <u>United States v. Martinez</u>, 277 F.3d 517, 525 (4th Cir. 2002). We have carefully reviewed the transcript of the Rule 11 hearing and find no plain

---

[1]While Hill objected in the district court to the application of the § 841(b)(1)(B) enhanced penalties to his sentence, we find the district court properly determined that Hill was subject to the enhanced penalties based on the fact of his prior felony drug convictions, which Hill did not contest. <u>See</u> <u>United States v. Thompson</u>, 421 F.3d 278, 282, 283-86 (4th Cir. 2005), <u>cert. denied</u>, ___ U.S. ___, 2006 WL 521274 (U.S. Mar. 6, 2006) (No. 05-7266); <u>United States v. Cheek</u>, 415 F.3d 349, 354 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 640 (2005). The calculated guideline range in this case was less than the mandatory statutory minimum.

error in the district court's acceptance of Hill's guilty plea.[2] See United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991). Moreover, because the district court properly determined that Hill was subject to the enhanced penalties as set forth in § 841(b)(1)(B), we find that its imposition of a sentence at the statutory mandatory minimum was patently reasonable because it was required by statute. See United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Hill's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

---

[2]We note specifically that the district court informed Hill during his plea colloquy that he was subject to a ten year statutorily-mandated minimum sentence, and Hill stated that he nonetheless wished to plead guilty.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED